**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BYRON ORLANDO LOPEZ DELGADO,

    Petitioner,

-vs-                                                Case No.  8:13-cv-979-T-30EAJ
                                                            8:12-cr-94-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This Cause is before the Court upon Petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (CV Dkt. 1). Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Circ. 1981) (*en banc*).

motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

After a preliminary review, the Court concludes that the petition should be summarily dismissed.

**Background**

On November 1, 2012, Petitioner was arraigned on a grand jury indictment charging him with two counts:

1. conspiracy to possess with intent to distribute; and
2. possession with intent to distribute, and aiding and abetting others to possess with intent to distribute,

five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, "while aboard a vessel subject to the jurisdiction of the United States." (CR Dkt. 1). Represented by court-appointed counsel, Petitioner pled guilty as charged on count one (1) on April 11, 2012, pursuant to a negotiated plea agreement. (CR Dkt. 24).

At sentencing, this Court granted the Government's motion to dismiss count two (2) of the indictment and its motion for a two-level downward departure in Petitioner's base offense level pursuant to U.S.S.G § 5K1.1 in recognition of Petitioner's substantial assistance. (CR Dkt. 81). Petitioner was sentenced on November 1, 2012, to serve a term of eighty-seven (87) months in prison, to be followed by a five (5) year term of supervised

release. (CR Dkt. 81). This Court entered judgment of conviction on November 1, 2012. (CR Dkt. 84). At sentencing, this Court also informed Petitioner of his right to appeal:

> THE COURT: . . . Mr. Lopez, to the extent permitted by your plea agreement, you have the right of appeal from this judgment and sentence within 14 days from today. Failure to appeal within the 14-day period will be a waiver of your right to appeal.
> You have a form in front of you entitled "Declaration of Intent to Appeal." That form states whether you do or do not wish to file an appeal. It is written in English on one side and Spanish on the other. It comes with a stamped envelope addressed to the Clerk's Office.
> I direct you to complete the form and mail it in to the Clerk's office at the end of the 14-day appeal period. If you do not return the form, I will accept that as an acknowledgment that you do not wish to file an appeal and that that was an informed and voluntary choice on your part.

(CR Dkt 93, 9). Petitioner did not return the form.

On March 4, 2013, Petitioner filed a motion to dismiss the indictment or in the alternative for a hearing. (CR Dkt. 89). On March 18, 2013, this Court advised Petitioner of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and ordered Petitioner to advise this Court, on or before April 18, 2013, whether he wished to:

1. proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion to dismiss the indictment;

2. amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wished to challenge the conviction and sentence imposed upon him by this Court; or

3. withdraw his motion.

(CR Dkt. 90).

In its Order, this Court warned Petitioner of § 2255's procedural limitations and requested that Petitioner explain how *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), applies to his case. This Court noted that Petitioner's admission in his Plea Agreement's "Facts" section that the United States Coast Guard apprehended him "in international waters approximately 200 [nautical miles] southwest of Guatemala[,]" (CR Dkt. 24, Plea Agreement, 17), placed him in international waters, well beyond any territorial sea. (CR Dkt. 90 (citing *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003))).

On April 17, 2013, Petitioner filed the instant motion to vacate, set aside, or correct sentence, (CR Dkt. 91; CV Dkt. 1), and this Court terminated as moot Petitioner's motion to dismiss the indictment. (CR Dkt. 92). In his motion to vacate, Petitioner claims that:

1. the court lacks jurisdiction to adjudicate his case because he was arrested in the territorial waters of Guatemala;

2. trial counsel was ineffective for failing to bring an as-applied challenge to Maritime Drug Law Enforcement Act; and

3. trial counsel was ineffective for failing to consult with petitioner about a direct appeal.

(CV Dkt. 1). Petitioner requests that this Court vacate his conviction. Alternatively, Petitioner requests that this Court certify the following issues for appeal:

1. "Whether the Eleventh Circuit decision in *Bellaizac-Hurtado* applies to the 200-mile radius contained in the Exclusive Economic Zone of a foreign nation."

2. "Whether Petitioner's § 2255 motion is timely or whether the petition should be equitable [sic] tolled due to the structural nature of the jurisdictional error."

(CV Dkt. 1).

**Timeliness**

The Anti-Terrorism and Effective Death Penalty Act creates a limitation period for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of the conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in November 2012,[2] Petitioner's limitation period expired one year later, in November 2013. Petitioner filed his motion to vacate in April 2013. Therefore, Petitioner's motion to vacate is timely under Section 2255(f)(1).

Petitioner argues in his motion to vacate that the 1-year period of limitation does not expire until January 2014 under Section 2255(f)(4) ("The limitation period shall run from the latest of . . . the date on which the facts supporting the claims presented could have been

---

[2] Petitioner's judgment of conviction was entered on November 1, 2012 (CR. Dkt. 84). Because no appeal was filed, the judgment of conviction became final 14 days after the entry of judgment. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires).

discovered through the exercise of due diligence."). Petitioner supports his argument by asserting that he did not become aware of the place where he was captured until January 2013 when he filed a Freedom of Information request. (CV Dkt. 1, 2). In his April 2012 Plea Agreement, Petitioner admitted that he was arrested approximately 200 nautical miles southwest of Guatemala. (CR Dkt. 24, Plea Agreement, 17). Furthermore, Petitioner does not explain why he was unaware of his approximate location at the time of his arrest. Petitioner appears to have overlooked that his motion to vacate is timely under Section 2255(f)(1). This Court does not need to decide whether the 1-year period of limitation will expire in November 2013, under Section 2255(f)(1), or January 2014, under Section 2255(f)(4).

## Discussion

In *Bellaizac-Hurtado*, the Eleventh Circuit ruled that the Maritime Drug Law Enforcement Act, 46 U.S.C. § 7053(a), *et. seq.*, was unconstitutional as applied to the drug-trafficking activities of the defendants in that case, which occurred in the territorial waters of Panama. 700 F.3d 1245, 1258. The Eleventh Circuit held that "Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id.* In *McPhee*, the Eleventh Circuit stated that "[t]he United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts." 336 F.3d 1269, 1273.

In his Plea Agreement, Petitioner admitted that his arrest location was in international waters. (CR Dkt. 24, Plea Agreement, 17). In the instant motion, Petitioner argues that this admission should not preclude him from asserting that he was arrested in the territorial waters of Guatemala. (CV Dkt. 1, 4). Petitioner cites *Blackledge v. Allison*, 431 U.S. 63, 75 (1977) ("In administering the writ of habeas corpus and its § 2255 counterpart, the federal courts cannot fairly adopt a per se rule excluding the possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment."), but does not provide any evidence that his guilty plea was a product of misunderstanding, duress, or misrepresentation by others.

Even if this Court disregards Petitioner's admission that his arrest location was in international waters, Petitioner's admission in the instant motion that his arrest location was approximately 200 nautical miles off the coast of Guatemala prevents this Court from holding that Petitioner's arrest location was in territorial waters. *See McPhee*, 336 F.3d at 1273. Petitioner argues that territorial waters extend 200 nautical miles beyond a coastal state. (CV Dkt. 1, 7-8). For support, Petitioner cites the United Nations Convention on the Law of the Sea (UNCLOS), arts. 1, 2, 3, 55-57, 58(1), 76-77, 86, Dec. 10, 1982, 1883 U.N.T.S. 397.[3]

---

[3] Available at http://www.un.org/Depts/los/convention_agreements/convention_overview_convention.htm.

Article 2 of UNCLOS states that "[e]very state has the right to establish the breadth of its territorial sea up to a limit not exceeding 12 nautical miles, measured from baselines determined in accordance with this Convention." Article 55 states that "[t]he exclusive economic zone is an area beyond and adjacent to the territorial sea." Article 57 states that "[t]he exclusive economic zone shall not extend beyond 200 nautical miles from the baselines from which the breadth of the territorial sea is measured."

Petitioner asserts that this Court should consider the 200-nautical-mile exclusive economic zone (EEZ) as territorial waters and apply *Bellaizac-Hurtado*. Petitioner states that "UNCLOS considers the 'EEZ' part of the territorial waters of a state." (CV Dkt. 1, 7). This misinterprets UNCLOS, which defines the EEZ as "an area *beyond and adjacent to* the territorial sea." UNCLOS, art. 55, Dec. 10 1982, 1883 U.N.T.S. 397 (emphasis added). Petitioner does not cite any authority to explain why this Court is not required to follow Eleventh Circuit precedent in *McPhee* and apply the 12-nautical-mile definition of territorial waters.

**Dismissal of Motion to Vacate**

Petitioner has not met the criteria for relief under 28 U.S.C. §2255. Petitioner's first claim, that the court lacks jurisdiction to adjudicate his case because he was arrested in the territorial waters of Guatemala, does not have merit for the reasons discussed above.

Petitioner's second claim, that trial counsel was ineffective for failing to bring an as-applied challenge to the Maritime Drug Law Enforcement Act, does not have merit because this challenge has no legal support. Petitioner cites *Gordon v. United States*, 518 F.3d 1291,

which states that "[t]o prevail on a claim of ineffective assistance, a defendant must establish two things: (1) 'counsel's performance was deficient,' meaning it 'fell below an objective standard of reasonableness'; and (2) 'the deficient performance prejudiced the defendant.'" *Id.* at 1297 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Counsel's decision not to bring an as-applied challenge did not fall below an objective standard of reasonableness because the challenge had no legal merit.

Petitioner's third claim, that trial counsel was ineffective for failing to consult with petitioner about a direct appeal, does not have merit because Petitioner has not alleged facts sufficient to establish ineffectiveness. Petitioner cites *Thompson v. United States*, 504 F.3d 1203 (11th Cir. 2007), which states that "[c]ounsel has a constitutional duty to consult with a defendant about an appeal when: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing." *Id.* at 1207. First, Petitioner did not explain why a rational defendant would want to appeal a sentence consistent with the government's recommendations that petitioner bargained for in his plea agreement. Second, Petitioner does not claim that he demonstrated an interest in appealing in November 2012. In fact, he chose not to return his "Declaration of Intent to Appeal." As explained in Court, Petitioner's failure to submit his "Declaration of Intent to Appeal" is an informed and voluntary choice not to appeal. (CR Dkt. 93).

## Denial of Certificate of Appealability

Petitioner is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his

petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has not made this showing.

Accordingly, the Court **ORDERS** that:

1. The motion to vacate under 28 U.S.C. § 2255 is **DISMISSED**.

2. The **Clerk** is directed to close this case.

3. A certificate of appealability is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-979.deny 2255.wpd